## Willard H. Alexander et al.

### v.

## The North Western Masonic Aid Association

### et al.

*Administration—Personal Property—Rights of Widow—Mutual Benefit Certificates.*

Upon the death of a husband leaving no child or children or descendants of a child or children, the widow is entitled to the entire proceeds of mutual benefit certificates payable " to the heirs at law" of the deceased.

[Opinion filed May 31, 1888.]

In error to the Superior Court of Cook County; the Hon. Gwynn Garnett, Judge, presiding.

Messrs. Cratty Brothers & Ashcraft, for plaintiffs in error.

Mr. E. Walker, for defendant in error.

*Per Curiam.* The questions in this case arise upon a bill of interpleader brought by the North Western Masonic Aid Association and the personal representatives of the estate of Elijah S. Alexander, deceased, against the appellants, heirs of said deceased, for the purpose of a judicial determination of the question of the disposition of a fund of $8,500, in the hands of said association, and accruing by reason of the membership

therein of said deceased in his lifetime, and three certain certificates of the association issued respectively January 28, 1882, whereby the said association promised and agreed to pay to the devisees or to the heirs at law of said Elijah S. Alexander, etc., the sums specified in each, aggregating said sum of $8,500. The said Alexander died intestate, February 23, 1886, leaving no child or descendants of a child, but leaving Josephine P. Alexander, his widow, him surviving.

The court below by its decree determined that said widow was the sole heir at law to the personal property of said deceased and that the other heirs at law, the father, mother and brother, etc., had no right, title or interest in said fund or any part thereof.

From that decree this appeal was taken. Upon due consideration we are of opinion that the case is governed by the rules announced in Richards v. Miller, 62 Ill. 417, and that the decree below should be affirmed.

*Decree affirmed.*